**UNITED NATIONAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**ENTERTAINMENT GROUP, INCORPORATED, Defendant–Appellant.**

**No. 91–1122.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 6, 1991.

Decided Oct. 7, 1991.

James K. Horstman (argued), C. Barry Montgomery, Brigid E. Kennedy, Williams & Montgomery, Chicago, Ill., for plaintiff-appellee.

Lisa L. Lantero, Williams & Montgomery, Gary D. Ashman, Eugene K. Holland-er (argued), Ashman & Associates, Chicago, Ill., for defendant-appellant.

Before CUDAHY and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

United National Insurance Company (United) initiated this declaratory judgment proceeding to clarify its obligations to defend and indemnify under an insurance policy purchased by the defendant, Entertainment Group, Inc.

## I. FACTS

### A. Jane Doe Suit

The dispute arose when Jane Doe filed suit in the Illinois Circuit Court against Entertainment Group. *Jane Doe, by her Mother and next friend, Mary Doe v. La-Salle National Bank as Trustee Under Trust No. 111453, Entertainment Group, Inc., R & B Partnership, Ron Rooding, Dennis Byrnes and Judith Byrnes*, No. 89 L 14434. According to this complaint, on November 10, 1988, fifteen-year-old Jane Doe attended a showing of the Rocky Horror Picture Show with a friend at the 400 Twin Theater owned by Entertainment Group. The show began at 12:00 a.m. and ended at approximately 2:20 a.m. When the movie ended, Doe and her friend were approached by Kenneth Manness and two other men who asked to talk to them and escorted them back into the theater.

Manness took Plaintiff [Doe] to the men's washroom and threatened Plaintiff with violence if she did not submit to him. When she attempted to get away he forced her against a wall. He pushed her on the ground and forced her to have sexual intercourse with him. (Amended Complaint, ¶ 12.)

The amended complaint alleged that the defendants were liable as follows:

13. At said time and place Plaintiff was an invitee of Defendants. As such, Defendants owed Plaintiff the duty of exercising ordinary and reasonable care to protect her from criminal activity and harm.

14. Defendants breached the aforesaid duty and were guilty of negligence in one or more of the following respects.

a. Failed to take adequate precautions to protect the safety of Theater patrons and those who were invited to its premises.

b. Negligently permitted minors to attend the show.

c. Negligently permitted patrons to remain in the Theater unsupervised and after the movie ended.

d. Failed to supervise the activities which occurred after the show ended.

e. Failed to maintain proper lighting in the Theater and men's room after the movie ended.

f. Operated the Theater in a manner so as to attract undesirable people, such as Manness and his friends.

g. Failed to provide adequate security for the patrons of the Theater.

h. In other respects were negligent under the circumstances. (Amended Complaint, ¶¶ 13, 14.)

### B. The Insurance Policy

United issued an insurance policy to Entertainment Group which provided coverage for bodily injury or property damage "caused by an occurrence and arising out of the ownership, maintenance or use of the Insured premises and all operations necessary or incidental thereto ..." The policy defines occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury neither expected nor intended from the standpoint of the insured." The policy also provides that United must defend any suit arising out of an occurrence.

The insurance policy contains a multipurpose exclusion endorsement for which no coverage will be provided. This part of the insurance agreement states:

In consideration of the premium charged, it is understood and agreed that no coverage is provided under the policy to which this endorsement is attached,

for either defense or indemnification, for any claim asserting a cause of action within any of the Exclusions listed below . . .

5. *Assault & Battery Exclusion*

Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees.

7. *Sexual Molestation Exclusion*

To bodily injury arising out of alleged and/or actual "sexual abuse" of or "sexual molestation" of a person not having attained the age of sixteen (16) years. The terms "sexual abuse" and "sexual molestation" include, but are not limited to physical sex acts, nudity, touching, assault and battery.

## II. DISTRICT COURT PROCEEDINGS

United brought this declaratory judgment action against Entertainment Group, LaSalle National Bank, R & B Partnership, Ron Rooding, Dennis Byrnes, and Jane Doe, by her mother and next friend, Mary Doe.[1] The various parties filed motions requesting summary judgment. United argued that it had no obligation to provide a defense or to indemnify any party for claims arising from Jane Doe's suit because the assault and battery and sexual molestation exclusions precluded coverage under the policy. The defendants maintained that United was obligated to provide coverage because the Does' suit is a negligence suit, not a suit claiming assault and battery or sexual molestation.

The district court granted United's motion for summary judgment. The court first noted that Illinois law is controlling. The court correctly summarized the applicable Illinois law.

Under Illinois law, an insurer's duty to defend its insured is separate from and broader than its obligation to indemnify. *Conway v. Country Casualty Insur-*

ance Co., 92 Ill.2d 388, 394, [65 Ill.Dec. 934, 937] 442 N.E.2d 245, 248 (1982); *Murphy v. Urso*, 88 Ill.2d 444, 451, [58 Ill.Dec. 828] 430 N.E.2d 1079 (1981). Specifically, if a complaint against an insured "alleges facts within the coverage of the policy *or potentially within the coverage of the policy* ", the liability insurer must defend its insured. *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 193, 355 N.E.2d 24 (1976) (emphasis added). When determining whether the duty to defend exists, a court must look to the allegations of the complaint against the insured. *Conway* [92 Ill.2d] at 393 [65 Ill.Dec. 934, 442 N.E.2d 245]. A court may not declare that an insurer has no duty to defend its insured "unless it is clear from the face of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Id.* If the complaint against the insured alleges more than one theory of recovery, the insurer must defend its insured if only one of the theories of recovery is within the policy's coverage even if the others are not. *Peppers* [64 Ill.2d] at 194 [355 N.E.2d 24].

*United National Insurance Co. v. Entertainment Group, Inc., et al.*, No. 90 C 359, slip op. at 4, 1990 WL 205297 (N.D.Ill.Dec. 11, 1990).

The district court characterized Doe's state court suit as a negligence action and found that the assault and battery exclusion applies even when the injury is caused by the insured's negligence. The district court emphasized the language of the exclusion which denies coverage if the assault or battery is caused by an *omission* by the insured or the employees. The court concluded that the plain language excluded coverage for assaults arising from the theater's negligence.[2]

## III. ANALYSIS

■ We review the district court's grant of summary judgment *de novo*. Because

---

1. Rooding and Byrnes are co-partners in R & B Partnership who managed and/or owned the theater. United also alleged that LaSalle National Bank is the legal titleholder of the premises where the theater is located.

2. Because the district court held that assault and battery provisions excluded coverage, it did not address the sexual molestation exclusion.

there are no material facts in dispute, we must determine whether the moving party is entitled to judgment as a matter of law. *Rizzo v. Caterpillar, Inc.*, 914 F.2d 1003, 1006 (7th Cir.1990).

Entertainment Group argues that the assault and battery exclusion applies only when a suit explicitly states a cause of action for assault and battery. Entertainment Group claims that because Doe's state court suit alleges only negligence, the exclusion cannot apply. The appellant also disputes the district court's conclusion that the assault and battery exclusion specifically denies coverage even when the insured's negligence causes the assault.

■ The multipurpose exclusion endorsement denies coverage for "any claim asserting a cause of action within any of the Exclusions...." Entertainment Group argues that this language means that the exclusions apply only when the suit states a claim *for* assault and battery or sexual molestation. Reading the prefatory language with the language of the exclusion, it is clear that the policy denies coverage "for any claim asserting a cause of action ... *arising out of* an assault and/or battery ..." (emphasis added). Although the phrase "claim asserting a cause of action" may be somewhat redundant, it does not create the ambiguity that Entertainment Group argues exists.

■ Doe's state court suit was premised on allegations that Entertainment Group failed to take certain precautions which resulted in the assault and rape. Stated another way, Doe alleges that Entertainment Group's "omission" caused her injuries. The insurance policy clearly excludes coverage "for any claim asserting a cause of action ... arising out of an assault and/or battery whether caused by ... [an] omission by ... the Insured, and/or his employees." The plain language of this exclusion precludes coverage for a suit alleging that the insured's negligence caused the assault and battery.

There is no Illinois case law that interprets an assault and battery exclusion to determine whether an insured's negligent acts which result in an assault are excluded from coverage.[3] The appellants contend that the Illinois Appellate Court's decision in *International Amphitheatre Co. v. Vanguard Underwriters Ins. Co.*, 177 Ill. App.3d 555, 126 Ill.Dec. 808, 532 N.E.2d 493 (1st Dist.1988) supports their argument that Doe's claim of negligent supervision is covered by the insurance policy. In *International Amphitheatre*, the insurer denied that it had a duty to defend or indemnify claims arising when several concert patrons were attacked and sexually assaulted at a concert.

> The complaints alleged that each of the named defendants ... negligently operated; managed, maintained, and controlled the subject premises so that as a result the plaintiffs were injured. The remaining allegations of negligence relate to the tort defendants' alleged negligence in failing to provide adequate safety personnel, failing to prevent the use of drugs and intoxicating beverages on the premises, and failing to call for assistance when the plaintiffs were being attacked.

*Id.* at 571, 126 Ill.Dec. 808, 532 N.E.2d 493. The insurer argued that a security and crowd control exclusion precluded coverage. That exclusion stated: "The named insured shall not assume any obligation to provide security or crowd control services at any concert site." *Id.* at 561, 126 Ill. Dec. 808, 532 N.E.2d 493. The Illinois appellate court held that the insurer was obligated to defend the suits because the allegations of negligent maintenance of the premises did not relate to security and crowd control concerns.

*International Amphitheatre* is distinguishable from the case at bar. First, *In-*

---

**3.** In *Thornton v. Illinois Founders Ins. Co.*, 84 Ill.2d 365, 49 Ill.Dec. 724, 418 N.E.2d 744 (1981), the Illinois Supreme Court examined an assault and battery exclusion with language similar to the language before us. The court determined that a battery committed by an insured constitutes an intentional act which is specifically excluded from coverage by the policy's definition of "occurrence." The court never considered whether negligent acts would be excluded under the policy.

*ternational Amphitheatre* did not address an assault and battery exclusion. Second, the language of the two exclusions is significantly different. The security and crowd control provision is ambiguous. Unlike the exclusions in United's policy, the exclusion in *International Amphitheatre* stated only that the insured shall not provide crowd control and security services. The plain language of that exclusion did not preclude coverage for other allegedly negligent conduct causing injury. The exclusion in United's policy, on the other hand, clearly states that there will be no coverage for claims arising from assault and battery, regardless of whether the injury results from the intentional acts or omissions (negligence) of the insured.

United cites several cases from other jurisdictions in which similar exclusions were interpreted to preclude coverage for negligence claims arising from an assault and/or battery. In *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's Inc.*, 582 F.Supp. 865 (E.D.Pa.1984), a tavern patron was attacked in the parking lot following a barroom brawl, eventually leading to the patron's death. The decedent's mother sued the tavern alleging that the owners were negligent by failing to prevent the fight, failing to call the police and failing to maintain order in and around the premises. *Id.* at 867. The tavern's insurance compa-

ny denied coverage based on an assault and battery exclusion.[4] The Pennsylvania court determined that the "clause applies not only to the intentional tort of assault and battery, but also to negligence in failing to stop or prevent its occurrence." *Id.* at 868. In addition to relying on the plain language of the exclusion, the court also found that, notwithstanding the negligence allegations, coverage would still be excluded because the assault and battery was the immediate cause of the injury that gave rise to the suit.[5]

Similarly, in *Stiglich v. Tracks, D.C., Inc.*, 721 F.Supp. 1386 (D.C.C.1989), a patron of a dance club was assaulted on the premises by an unidentified third party. The district court found no coverage based on an exclusion for damages arising out of "assault and battery or out of any act or omission in connection with the prevention. or suppression of such acts." *Id.* at 1387.[6]

Doe's injuries originated in, or arose from, an assault and rape. The exclusion in the insurance policy precludes coverage for suits "arising out of assault and/or battery." The assault and battery endorsement denies coverage, *inter alia*, if the injury is caused by an "omission" of the insured or his employees. Hence, the policy excludes coverage even when the injured party alleges that the assault was the result of the insured's negligence.

---

**4.** The exclusion provided:
 It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault or battery or out of an act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other persons. *Id.* at 866.

**5.** In doing so, the court adopted the reasoning in *Sauter v. Ross Restaurants, Inc.*, No. 80–1202 (E.D.Pa. May 21, 1981). The court which decided *Sauter* explained:
 It is undoubtedly true that for plaintiffs to recover in this suit, they must demonstrate that their injuries were caused by the allegedly negligent acts. But, although the injuries must, in this sense, have been caused by Ross' negligent acts, it does not follow that these same injuries did not "aris[e] out of assault and battery." Plaintiffs' real contention is that their injuries arose out of an assault and

battery which, in its turn, arose out of Ross' negligence. Thus plaintiffs' injuries are unambiguously excluded from coverage by the assault and battery exclusion.
 *1401 Dixon's, Inc.*, 582 F.Supp. at 867–68 (quoting *Sauter*, No. 80–1202, slip op. at 6); *see also Ledbetter v. Concord General Corp.*, 564 So.2d 732 (La.App.2d Cir.1990); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Ct.App. Tex. 1989); *Terra Nova Ins. Co. v. Thee Kandy Store, Inc.*, 679 F.Supp. 476, 478 (E.D.Pa.1988); *Terra Nova Ins. Co. v. North Carolina Ted, Inc.*, 715 F.Supp. 688 (E.D.Pa.1989); *Terra Nova Ins. Co. v. Nanticoke Pines, Ltd.*, 743 F.Supp. 293 (D.Del. 1990).

**6.** The appellants claim that *Stiglich* is distinguishable because the policy also excluded suits for negligent hiring and supervision. The court, however, apparently relied on the assault and battery exclusion as an independent ground upon which to deny all negligence allegations.

The decision of the district court is therefore

AFFIRMED.