UNITED NATIONAL INSURANCE COMPANY vs. DAVID PARISH,
trustee,[1] & another.[2]

No. 97-P-1732.

Middlesex. March 19, 1999. - October 8, 1999.

Present: ARMSTRONG, DREBEN, & GREENBERG, JJ.

*Insurance,* Coverage, Construction of policy, Insurer's obligation to defend.
*Words,* "Arising out of."

In a civil action, where an injured plaintiff's claims arose "out of an assault
and/or battery" within the meaning of an exclusionary clause of the applic-
able insurance policy which the plaintiff sought to reach and apply, the
insurer was not obliged to either defend or indemnify. [70-73]

CIVIL ACTION commenced in the Superior Court Department on
June 3, 1996.

The case was heard by *Maria I. Lopez,* J., on motions for
summary judgment.

*Michael T. Phelan* for James Sarantikis.

*Richard J. Riley* for the plaintiff.

DREBEN, J. This is an appeal by James Sarantikis from a judg-
ment entered in the Superior Court declaring that United
National Insurance Company (United) has no obligation under
its policy insuring David Parish on account of a $130,000 judg-
ment recovered by Sarantikis against Parish. Sarantikis had
sued Parish for negligence after Sarantikis had been assaulted
while leaving Parish's property. Parish had defaulted, and, after
a jury trial on the issue of damages, judgment had entered for
Sarantikis. The latter sought to reach and apply Parish's interest
in a policy issued by United, and United responded by filing
this action under G. L. c. 231A, seeking a declaratory judgment

---

[1] Of the Hanover Street Realty Trust. There were two trustees, but the
second was not named as a defendant in United's declaratory judgment action.

[2] James Sarantikis.

that it has no liability. On cross motions for summary judgment, a judgment entered in favor of United. Parish was defaulted in this action as well as in the underlying suit.

United's insurance policy issued to Parish provided coverage for bodily injury or property damage "caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The policy also provides that United must defend any suit arising out of an occurrence.

The basis of United's claim that it had no duty to defend or indemnify Parish is that the "Multipurpose Exclusion Endorsement" of the policy precludes coverage.[3] That clause in relevant part provides:

> "In consideration of the premium charged, it is understood and agreed that no coverage is provided under the policy to which this endorsement is attached, for either defense or indemnification, for any claim asserting a cause of action within any of the Exclusions listed below . . . ."

> "5. *Assault and Battery Exclusion*

> "Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees."

Sarantikis cites to his complaint and argues that his action was based on negligence, that the exclusion in the policy does not apply to claims of negligence, and that the motion judge erred in not allowing his motion for summary judgment.

An insurer has a duty to defend an action against the insured "if any allegations in the [underlying] complaint were reasonably susceptible of an interpretation that they stated or adumbrated a claim covered by the . . . policy." *Liquor Liab. Joint Underwriting Assn. of Mass.* v. *Hermitage Ins. Co.*, 419

---

[3]United also claimed that Parish did not, as required by the policy, inform it of, or call upon it to defend against, Sarantikis's suit. In view of our construction of the exclusionary clause, we do not reach the questions whether Parish complied with the conditions of the policy, or whether, in view of any such failure, G. L. c. 175, § 112, requires indemnification of Parish by United.

Mass. 316, 319-320 (1995). *Terrio* v. *McDonough*, 16 Mass. App. Ct. 163 (1983). *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 318 (1983). *New Eng. Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. 722, 723 (1996). In determining United's duty to defend, a court must look "only to the complaint and the policy." *Doe* v. *Liberty Mut. Ins. Co.*, 423 Mass. 366, 369 (1996).

We therefore turn to Sarantikis's complaint. The first six introductory paragraphs state that the plaintiff was lawfully on property in Lynn owned by Hanover Street Realty Trust, see note 1, *supra*, that the property is located in a dangerous high crime area, that, at the time of the incident, the premises were poorly illuminated, that there were no security measures in evidence for the protection of persons lawfully on the premises, and that, at the time of the incident, the stairs were poorly maintained and in disrepair. Paragraph 7 states, "At approximately 8:00 P.M., as James Sarantikis was exiting the above-named premise, he was assaulted by two men, one of whom was identified as Leo Lomax a\k\a Leo Womax." Paragraph 8 alleges that Leo Lomax committed the assault, and paragraph 9 states, "As a result of this assault, and condition of the premises James Sarantikis suffered head injuries, scalp lacerations, and a broken neck." Paragraph 10 lists the two medical locations where the plaintiff was treated.

The complaint then sets forth three counts. Each begins: "Based on the above facts," the plaintiff brings his claim against the defendants "for their negligence."[4] The first count is for "negligence in maintenance and or control of the premises . . . . Said inadequate lighting is directly related and the proximate cause of the injuries suffered" by the plaintiff.[5] The second count alleges "negligence in maintaining inadequate security," and the third count alleges "negligence in failing to warn persons lawfully on the premises . . . of the dangerous condition of the surrounding locale." Counts two and three, as did count one, claim that the particular negligence alleged in each count "is directly related and the proximate cause of the injuries" of the plaintiff.

---

[4]In contrast to the present complaint, the plaintiff in the underlying action in *Terrio* v. *McDonough*, 16 Mass. App. Ct. at 165-166, alleged only intentional conduct and not negligence. We held that, under the disclaimer of liability in its policy, the insurer had no duty to defend.

[5]There is no allegation that the plaintiff fell because of the inadequate lighting.

In examining the exclusionary clause, "we are required to 'construe the words of the policy in their usual and ordinary sense,' *Barnstable County Mut. Fire Ins. Co.* v. *Lally*, 374 Mass. 602, 605 (1978)." *Liquor Liab. Joint Underwriting Assn. of Mass.* v. *Hermitage Ins. Co.*, 419 Mass. at 320. As pointed out in *New Eng. Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. at 726, "The usual meaning ascribed to the phrase 'arising out of' is much broader than 'caused by'; the former phrase is considered synonymous with 'originate' or 'come into being.' Webster's Third New. Intl. Dictionary 117 (1981)." See *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 704 (1996) (" 'arising out of' indicates a wider range of causation than the concept of proximate causation in tort law"). In *New Eng. Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co., supra,* the exclusion was as follows: "[C]overage does not apply to personal injury *arising out of . . .* discrimination which is unlawful or which is committed by or at the direction of the insured." 40 Mass. App. Ct. at 723 (emphasis supplied). In response to the insured's argument that its claims for misrepresentation, negligence, and loss of consortium were not precluded by the policy's exclusion, we held that the insurer had no duty to defend, saying:

> "Without the underlying discriminatory acts against [the plaintiff in the underlying action], there would have been no personal injuries and, therefore, no basis for a suit against the insureds for misrepresentation, negligence, and loss of consortium. . . . *It is the source from which the plaintiff's personal injury originates rather than the specific theories of liability alleged in the complaint which determines the insurer's duty to defend.*"

*Id.* at 727 (emphasis supplied).

Similarly, in this case, without the underlying assault and battery, there would have been no personal injuries and, therefore, no basis for a suit against the insured for negligence. All of the claims derive from the assault and battery that is the source of the plaintiff's personal injury.

Not only do the cases construe "arising out of" expansively, but support for a broad construction of the specific assault and/or battery exclusion of the policy at hand is found in *Liquor Liab. Joint Underwriting Assn. of Mass.* v. *Hermitage Ins. Co.*,

419 Mass. at 320. Although in that case the policy language excluding "assault and/or battery" from coverage was not sufficient to relieve the insurer from its duty to defend a claim alleging a negligent failure to provide security, the court contrasted the language there with language where the exclusion was held to preclude claims for negligence. The cases which exclude claims based on an allegation of negligent failure to provide security, the Supreme Judicial Court noted, "construe assault and battery provisions which are far more comprehensive than the Hermitage endorsement and which typically use language stating that *any claim arising out of, or based on, an assault and battery* is excluded from coverage whether committed by or at the direction of the insured or third parties." *Ibid.* This, it will be remembered, is the language used by United in its policy — "any claim . . . . arising out of an assault and/or battery."

Among the cases cited by the Supreme Judicial Court in *Hermitage, supra* at 321 n.4, as "examples of broadly worded exclusions which were considered encompassing enough to exclude any claim arising out of an assault and battery" was *United Natl. Ins. Co.* v. *Entertainment Group, Inc.,* 945 F.2d 210, 213 (7th Cir. 1991), where the exact assault and/or battery exclusionary clause as appears in the policy in this case was construed.[6] In that case, the plaintiff's complaint in the underlying action stated that she was taken by an assailant to the men's washroom on the insured's property and "threatened . . . with violence if she did not submit to him. When she attempted to get away he forced her against a wall[,] . . . pushed her on the ground and forced her to have sexual intercourse with him." *Id.* at 211. The complaint was drafted in the form of negligence claims as set forth in the margin.[7]

The insured argued that "the assault and battery exclusion

---

[6]The policy also contained a sexual molestation exclusion but the court relied only on the assault and/or battery exclusion.

[7]"13. At said time and place Plaintiff was an invitee of Defendants. As such, Defendants owed Plaintiff the duty of exercising ordinary and reasonable care to protect her from criminal activity and harm.

"14. Defendants breached the aforesaid duty and were guilty of negligence in one or more of the following respects.

"a. Failed to take adequate precautions to protect the safety of Theater patrons and those who were invited to its premises.

"b. Negligently permitted minors to attend the show.

applies only when a suit explicitly states a cause of action for assault and battery . . . . because [the underlying action] alleges only negligence, the exclusion cannot apply." *Id.* at 213. The insured also claimed the motion judge was in error in concluding that the assault and battery exclusion precludes coverage when the insured's negligence causes the assault. The court, applying Illinois law (which had no case directly on point), rejected both contentions, holding that the "exclusion in United's policy . . . clearly states that there will be no coverage for claims arising from assault and battery, regardless of whether the injury results from the intentional acts or omissions (negligence) of the insured." *Id.* at 214. Since the plaintiff's injuries "originated in, or arose from, an assault and rape," and the "exclusion in the insurance policy precludes coverage for suits 'arising out of assault and/or battery,' . . . the policy excludes coverage even when the injured party alleges that the assault was the result of the insured's negligence." *Ibid.*

We agree with the foregoing analysis, which is in accord with the Massachusetts cases cited above. See *Winnacunnet Coop. Sch. Dist.* v. *National Union Fire Ins. Co.*, 84 F.3d 32 (1st Cir. 1996); *Wallace* v. *Huber*, 597 So. 2d 1247 (La. Ct. App. 1992); *Ross* v. *Minneapolis*, 408 N.W.2d 910, 913 (Minn. Ct. App. 1987).

Sarantikis's argument that the default against Parish is res judicata binding on United on the issue of negligent maintenance is without merit. Apart from the question whether United is bound by the judgment, see note 3, *supra*, the default entered on the pleadings. Since we have held that those allegations did not create a duty to defend — a broader duty than the duty to

"c. Negligently permitted patrons to remain in the Theater unsupervised and after the movie ended.

"d. Failed to supervise the activities which occurred after the show ended.

"e. Failed to maintain proper lighting in the Theater and men's room after the movie ended.

"f. Operated the Theater in a manner so as to attract undesirable people, such as Manness and his friends.

"g. Failed to provide adequate security for the patrons of the Theater.

"h. In other respects were negligent under the circumstances."

*United Natl. Ins. Co.* v. *Entertainment Group, Inc.*, 945 F.2d at 211.

indemnify, *Doe* v. *Liberty Mut. Ins. Co.*, 423 Mass. at 368 — our holding includes a determination that there is no allegation in the complaint which could establish liability within the coverage of the policy. Accordingly, the default judgment on which Sarantikis relies is based on allegations of liability which are outside the coverage of the policy. See *Marston* v. *Merchants Mut. Ins. Co.*, 319 A.2d 111, 114 (Me. 1974).

*Judgment affirmed.*