## Deborah Bagley *vs.* Monticello Insurance Company.

Essex. November 1, 1999. - December 15, 1999.

Present: Marshall, C.J., Abrams, Lynch, Greaney, Ireland, Spina, & Cowin, JJ.

*Insurance,* Coverage, Construction of policy, Illegal acts exclusion. *Contract,* Insurance.

In an action to reach and apply the proceeds of an insurance policy, brought by a plaintiff to satisfy a judgment for emotional injuries suffered as a result of being raped on the premises of a motel, the illegal acts exclusion in the policy operated to bar coverage and, thus, recovery by the plaintiff under the policy. [456-460]

Civil actions commenced in the Superior Court Department on February 9, 1995, and February 27, 1995, respectively.

After consolidation, the cases were heard by *Richard E. Welch, III*, J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Edward L. Kirby, Jr.* (*Lauren A. Boice* with him) for the defendant.

*Mark F. Itzkowitz* for the plaintiff.

*Toni G. Wolfman & Joseph P. Liu* for The Women's Bar Association of Massachusetts & another, amici curiae, submitted a brief.

Greaney, J. We granted the plaintiff's application for direct appellate review to decide whether exclusionary provisions contained in an insurance policy issued by the defendant, Monticello Insurance Company (Monticello), precluded coverage for a judgment the plaintiff obtained against Monticello's insured, Trader Alan's Fifth Wheel, Inc. (Trader Alan's). The plaintiff recovered the judgment in the underlying action after she had been assaulted and raped while staying at Trader Alan's motel. The plaintiff filed this action in the Superior Court against Monticello seeking to reach and apply its policy proceeds to satisfy the judgment against Trader Alan's. The plaintiff's motion for

summary judgment was allowed as to the portion of her damages attributable to the rape, and Monticello appealed. Monticello contends that there is no coverage for the damages attributable to the rape because of the unambiguous language of the policy's assault and battery exclusion, absolute liquor exclusion, or illegal acts exclusion. We conclude that the illegal acts exclusion bars coverage of the plaintiff's damages for the rape, and, accordingly, we need not consider whether those damages are barred by the other two exclusions. We also need not consider Monticello's other contentions. We, therefore, vacate the judgment.

The factual and procedural background of the case may be summarized as follows. On April 19, 1993, the plaintiff was a patron of Trader Alan's, a truck stop that included a restaurant and a motel. The plaintiff drank alcoholic beverages at the bar and became visibly intoxicated. Despite the plaintiff's visible intoxication, Trader Alan's employees continued to serve her alcoholic beverages. Patrick M. Harper (Harper), another customer at the bar, was also served alcoholic beverages although he, too, was visibly intoxicated. Later that evening, according to the plaintiff's complaint, "employees of [Trader Alan's] negligently allowed Patrick Harper, who was intoxicated, to take the plaintiff, who was intoxicated, to his hotel room which was owned by and under the control of [Trader Alan's]." While in the motel room, Harper blindfolded and tied up Bagley and brutally beat and raped her for several hours. Trader Alan's employees were made aware of Bagley's screams for help during this attack, but they failed to obtain help or take any steps to assist the plaintiff. The plaintiff eventually escaped the following morning.

In the underlying action, the plaintiff sued Trader Alan's alleging negligent failure to provide reasonable security against assault and negligent service of liquor to an intoxicated person who subsequently injured her. The plaintiff subsequently amended the complaint to delete the claim for dram shop liability. A judge in the Superior Court granted the plaintiff's motion for summary judgment on liability, and a hearing to assess damages followed. At the damages hearing, the plaintiff presented a psychiatrist who had expertise in posttraumatic stress disorder and rape trauma syndrome. The psychiatrist testified on the plaintiff's physical and psychological injuries resulting from the rape and the assault and battery. The judge awarded

the plaintiff two million dollars in damages, apportioning seventy-five per cent of the damages to the plaintiff's physical injuries from the assault and battery and twenty-five per cent to her psychological injuries caused by the rape.

The plaintiff then filed this action against Monticello, after it refused to pay the judgment against Trader Alan's, seeking to reach and apply the limits of the policy proceeds to recover all her damages. Monticello argued that coverage was barred under one or more of the policy's three exclusions: assault and battery exclusion, absolute liquor exclusion, or illegal acts exclusion. A judge in the Superior Court (not the same judge who decided the underlying action) granted the plaintiff summary judgment, permitting her to recover from Monticello for the psychological damages attributable to the rape, but barring her from recovering damages for the assault and battery on the basis of the policy's assault and battery exclusion.[1] This appeal followed.

We turn directly to the effect of the illegal acts exclusion, which reads as follows:

> "All coverage is excluded hereunder for any claim which arises wholly or in part out of allegations of violation of any federal, state, or local statute, ordinance, or law. This exclusion shall specifically include but not be limited to any sexual misconduct committed or alleged to have been committed by any Insured or Additional Named Insured."

The judge concluded that the plaintiff's recovery for the damages associated with the rape was not barred by this exclusion for three reasons. First, the judge read the exclusion to apply only to illegal acts committed by Trader Alan's or its employees, not a third party such as Harper. Second, the judge reasoned that the exclusion was not relevant because the plaintiff's claim "sound[ed] in common law negligence, not the statutory crime of rape." Finally, the judge concluded that the policy would be illusory if construed to exclude coverage for claims arising from illegal acts. The plaintiff argues that each of these grounds is correct. We agree with the defendant that none of the reasons precludes the application of the exclusion.

---

[1]The plaintiff no longer seeks recovery for the seventy-five per cent of the underlying judgment attributable to her damages for the assault and battery. Any recovery for these damages would be barred by the assault and battery exclusion.

The language on which the judge relied as the first basis for finding the exclusion inapplicable ("by any Insured or Additional Named Insured") is preceded by the general and non-exclusive phrase "includ[ing] but not be limited to." The exclusion read as a whole, by its clear and unambiguous language, does not limit its application only to the acts of those who are expressly insured, but rather operates all inclusively.[2] See *Moriarty* v. *Stone*, 41 Mass. App. Ct. 151, 157 (1996). See also *Doe* v. *Superintendent of Schs. of Worcester*, 421 Mass. 117, 128 (1995). By its terms, the exclusion cannot be read in the restrictive manner adopted by the judge.

We also reject the second ground relied on by the judge — that the exclusion is not relevant to the plaintiff's claim because her action is based on negligence, not on any allegation of an illegal act. The plaintiff's complaint should not be read so narrowly. The exclusion, by its express terms, applies to any claim which "arises wholly or in part out of" an illegal act. Words in exclusionary clauses of insurance contracts should be construed "in their usual and ordinary sense." *Liquor Liab. Joint Underwriting Ass'n of Mass.* v. *Hermitage Ins. Co.*, 419 Mass. 316, 320 (1995), quoting *Barnstable County Mut. Fire Ins. Co.* v. *Lally*, 374 Mass. 602, 605 (1978). See *United Nat'l Ins. Co.* v. *Parish*, 48 Mass. App. Ct. 67, 70 (1999), and cases cited. The phrase "arising out of" must be read expansively, incorporating a greater range of causation than that encompassed by proximate cause under tort law. See *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 704 (1996); *United Nat'l Ins. Co.* v. *Parish, supra.* Indeed, cases interpreting the phrase "arising out of" in insurance exclusionary provisions suggest a causation more analogous to "but for" causation, in which the court examining the exclusion inquires whether there would have been personal injuries, and a basis for the plaintiff's suit, in the absence of the objectionable underlying conduct. *Id.* at 70-71. See *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. 722, 727 (1996) (without the underlying illegal acts there would have been no injuries, and, therefore, no basis for a lawsuit against the insureds for negligence, misrepresentation, and loss of consortium).

---

[2]Because the terms of the exclusion are "plain and free from ambiguity . . . we do not, as the [plaintiff] suggests, construe them strictly against the insurer" (citation omitted). *Barnstable County Mut. Fire Ins. Co.* v. *Lally*, 374 Mass. 602, 605 (1978).

A fair reading of the plaintiff's complaint in the underlying action indicates that her claim against Trader Alan's, and her resulting injuries, had their genesis in Harper's illegal acts. For instance, the plaintiff alleges in her complaint that "Mr. Harper brutally and viciously raped [her] for several hours and attempted to murder her." The plaintiff also alleges that the "duty" Trader's Alan breached was "to protect [her] against the foreseeable *criminal actions* of a third party, Patrick M. Harper" (emphasis added). Furthermore, the plaintiff alleges that she "suffered severe physical and psychological injuries; underwent medical treatment and incurred expenses; sustained severe and permanent psychological damages; sustained an impairment of earning capacity and other injuries; and shall incur medical expenses in the future." Although the plaintiff asserts that these damages were a "direct and proximate result of the defendant's negligence," her physical and emotional injuries are more appropriately attributable to Harper's brutal attack than any action or inaction by Trader Alan's. In fact, the plaintiff's argument at the assessment of damages hearing, and much of her argument on appeal, revolve around her emotional and physical injuries as a victim of a brutal rape and assault and battery, not as the victim of negligent conduct by Trader Alan's employees.

"It is the *source* from which the plaintiff's personal injury originates rather than the specific *theories of liability* alleged in the complaint which determines the insurer's duty to defend" (emphasis added). *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, supra at 727. This principle has been consistently applied in insurance law. See, e.g., *Continental Cas. Co.* v. *Richmond*, 763 F.2d 1076, 1081 (9th Cir. 1985) (claims of civil rights violations and wrongful death brought by three minor children all had their genesis in decedent's injuries which were caused by an excluded act); *Colorado Farm Bur. Mut. Ins. Co.* v. *Snowbarger*, 934 P.2d 909, 912 (Colo. Ct. App. 1997) (no duty to defend where damages claimed as a result of negligence stemmed directly from a sexual assault that fell within the intentional acts exclusion of the policy); *First Wyoming Bank* v. *Continental Ins. Co.*, 860 P.2d 1094, 1099 (Wyo. 1993) (insurer's duty to defend not triggered by claim labeled "negligence" when facts demonstrated that alleged losses were caused by act for which there was no duty to defend). These, of course, are duty to defend cases. An insurer's duty to defend is broader than its duty to indemnify. *Doe* v. *Liberty Mut. Ins. Co.*,

423 Mass. 366, 368 (1996). If an insurer has no duty to defend, based on the allegations in the plaintiff's complaint, it necessarily follows that the insurer does not have a duty to indemnify. See *United Nat'l Ins. Co.* v. *Parish, supra* at 72-73. Therefore, the reasoning behind the duty to defend cases applies with equal force to the duty to indemnify in this case. A contrary result would allow a plaintiff to circumvent a bar to coverage by carefully drafting a complaint to avoid an exclusion.[3] See *Bayudan* v. *Tradewind Ins. Co.*, 87 Haw. 379, 387 (Ct. App. 1998), and cases cited.

Finally, we reject the third ground relied on by the judge — the contention that a strict reading of the exclusion renders Monticello's policy illusory. "A provision in an insurance policy that negates the very coverage that the policy purports to provide in the circumstances where the person is liable is void as against public policy." *Liberty Mut. Ins. Co.* v. *Tabor*, 407 Mass. 354, 358 (1990). However, if the policy still provides coverage for some acts, it is not illusory simply because of a potentially wide exclusion. See *Smart* v. *Safety Ins. Co.*, 419 Mass. 144, 147-148 (1994).

In *Smart*, we rejected the plaintiff's argument that underinsured motorist coverage in an amount equal to that required by compulsory coverage in Massachusetts was illusory. *Id.* We concluded that, where there were other instances in which coverage would still be provided under the policy, namely, when the tortfeasor was operating an out-of-State vehicle with less liability coverage than the underinsured coverage, the policy still had value to the insured. *Id.* Consequently, the policy "was not illusory." *Id.* at 148. This was true even though, as a practical matter, application of the provision resulted in very limited coverage. *Id.* at 147-148. Contrast *Liberty Mut. Ins. Co.* v. *Tabor, supra* at 358 (automobile rental agreement's redefinition of "accident" rendered entire policy illusory because there was no coverage for the very thing [negligent conduct] for which the insured sought coverage).

In the present case, Monticello's policy is a "simplified policy" which "provide[s] coverage for everything that's not excluded." The policy by no means contemplates extensive and exhaustive coverage for a wide array of mishaps when read in

---

[3]This, in fact, may have been the strategy behind the plaintiff's voluntarily dropping her claim for negligent service of alcohol that appeared in her original complaint.

conjunction with the particular exclusions. In fact, the very first sentence of the policy's coverage form warns: "Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered." However, short of the policy's being void on public policy grounds, which we conclude it is not, the parties were free to negotiate and contract for whatever coverage limits they mutually desired. The clear and straightforward language of the illegal acts exclusion could not have caused Trader Alan's to expect that it was buying insurance which covered damages resulting from illegal acts. See *Leinas* v. *Liberty Mut. Ins. Co.*, 37 Mass. App. Ct. 952, 953 (1994). This is especially so with regard to criminal acts which are the most obvious illegal acts an insurer will want to exclude from coverage. The policy provides basic liability coverage, which appears to be all that was bargained for.

The amended judgment dated November 4, 1998, is vacated. The case is remanded to the Superior Court where a judgment is to enter for Monticello.

*So ordered.*