# RESCRIPT OPINIONS.

FIRST FINANCIAL INSURANCE COMPANY *vs.* SALVATORE J. LaROSA, trustee,[1] & others.[2] No. 97-P-234. April 14, 2000. *Insurance,* Liability insurance, Coverage, Disclaimer of liability.

The issue on appeal is whether the assault and battery exclusion in the liability policy issued by the insurer unambiguously denied coverage to the insured, Ankasa Realty Trust, as to a negligence action brought against it in connection with an intentional shooting, by independent third persons, of a visitor to its premises. The judge perceived no vagueness in the exclusion and granted summary judgment to the insurer. We affirm.

The exclusion disclaims coverage for "bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person." Initially we find persuasive, as did the judge below, the fact that the language of the exclusion is virtually identical to that endorsed by the Supreme Judicial Court in dictum in *Liquor Liab. Joint Underwriting Assn.* v. *Hermitage Ins. Co.,* 419 Mass. 316, 320 n.4 (1995), citing *Kelly* v. *Figueiredo,* 223 Conn. 31, 32 (1992), as being broad enough to exclude a claim based on a negligence theory but factually arising out of an assault and battery, whether committed by or at the direction of the insured or third parties.

The *Hermitage* dictum notwithstanding, even if we agree with the appellees' grammatically strained view that the phrase "arising out of assault and battery" stands unmodified by the clause beginning with the words "whether caused by," there is still no coverage. By its language, the exclusion also applies to damage or injury "arising . . . out of any act or omission in connection with the prevention or suppression of such acts [of assault and battery]" — the very essence of the negligence claims at issue here against the insured. The additional language just cited serves to distinguish this case factually from *Hermitage*, where the endorsement simply disclaimed coverage for "assault and battery" and thus did not clearly exclude coverage for a claim of negligent failure to provide security on the premises. *Id.* at 318, 322.

Even absent the additional language noted above, any doubt that coverage is excluded is dispelled by our recent decision in *United Natl. Ins. Co.* v. *Parish,* 48 Mass. App. Ct. 67, 68-72 (1999). There, the expansive term "arising out of" preceding the phrase "assault and/or battery" in the exclusion had the

---

[1]Of Ankasa Realty Trust.

[2]Daniel M. Flynn; Virginia A. Flynn, individually and as next friend of Daniel M. Flynn; and James M. Flynn.

effect of denying coverage for any claim seeking to redress the injuries caused by the assault and battery, regardless of the specific legal theory of liability advanced. Along similar lines, see *New England Mut. Life Ins. Co.* v. *Liberty Mut. Life Ins. Co.*, 40 Mass. App. Ct. 722, 723-727 (1996).

*Judgment affirmed.*

*Michael R. Paolini* for Salvatore J. LaRosa.

*Roger J. Donahue, Jr.*, for Daniel M. Flynn & others.

*John F. Toomey, Jr.*, for the plaintiff.