# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

----

ROBERT FULLER, individually and as trustee,[1] & another[2] *vs.* FIRST FINANCIAL INSURANCE COMPANY.

Suffolk. November 6, 2006. - December 14, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Insurance,* General liability insurance, Coverage, Construction of policy. *Practice, Civil,* Summary judgment. *Words,* "Arising out of."

This court concluded that a provision in a general liability insurance policy issued by the defendant, excluding from coverage bodily injury or property damage arising out of assault or battery, applied to preclude coverage of a judgment obtained by a third party against the defendant's insured, a building owner, in an action for damages attributable to that third party's rape and kidnapping, which began in the insured's building. [5-8]

----

[1] Of the 432 Dudley Street Realty Trust.

[2] Jane Doe, assignee.

CIVIL ACTION commenced in the Superior Court Department on June 30, 1998.

Motions for summary judgment were heard by *Christopher J. Muse*, J., and an order of dismissal was entered by *Geraldine S. Hines*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Mark F. Itzkowitz* for the plaintiffs.

*Joseph S. Berman* for the defendant.

*Nicholas M. O'Donnell*, for the Victim Rights Law Center, amicus curiae, submitted a brief.

SPINA, J. We granted an application for direct appellate review to determine whether an exclusionary provision in an insurance policy issued by the defendant, First Financial Insurance Company (First Financial), applies to preclude coverage of a judgment obtained by Jane Doe against First Financial's insured, Robert Fuller.[3] The underlying lawsuit was brought by Doe against Fuller, alleging that he was responsible for a brutal attack against her by a third party because of negligence in providing security at a building he owned in Boston where the attack began. The present lawsuit was commenced after First Financial denied Fuller's request to defend him under his general liability policy against claims brought by Doe. The underlying lawsuit then was settled. As part of the settlement, Fuller assigned his rights in the present case to Doe. Doe was substituted as the plaintiff in the Superior Court, seeking to reach and apply First Financial's insurance policy. On cross motions for summary judgment, a Superior Court judge applied the exclusionary clause in the insurance policy and ruled in favor of First Financial. We affirm.

1. *Background.* Jane Doe's claims stem from an incident that occurred on the night of July 14, 1995. Doe had gone to 434 Dudley Street in the Roxbury section of Boston to visit a friend. While entering the apartment building, Doe was approached from

_____

[3]Although the application for direct appellate review was submitted in the name of Robert Fuller, Jane Doe is the only active plaintiff in this case on appeal, maintaining Fuller's name in the caption for the sake of clarity. Fuller assigned his interest in this case to Doe as a result of settlement of the underlying lawsuit in the Superior Court, as explained herein.

behind by Elwood Furrowh, who put a knife to her back and stated, "You're coming with me." Furrowh then forced Doe off the premises to his nearby apartment, where he raped her multiple times, threatened her life, cut her with a knife and attempted to kill her. Doe escaped the following morning and reported the incident to the police. Furrowh subsequently was arrested and prosecuted. He pleaded guilty to multiple counts of aggravated rape, assault by means of a dangerous weapon, assault with intent to maim, assault and battery, and kidnapping.

As the owner of 434 Dudley Street, Fuller carried a general liability insurance policy from First Financial. First Financial, however, declined to defend Fuller from Doe's claims on the basis of exclusions contained in the policy.[4] As relevant here, the exclusionary language concerned claims that arise as a result of an assault or battery:

> "It is agreed and understood that this insurance does not apply to 'bodily injury' or 'property damage' arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of any such act, whether caused by or at the instigation or direction of the 'insured,' his employees, patrons or any other person."

Subsequent to learning that First Financial declined to defend or indemnify him in Doe's action, Fuller settled the case with

---

[4]First Financial initially founded its denial in the "sexual action" exclusion as well as the "assault and battery" exclusion of its policy. The "sexual action" exclusion states:

> "It is understood and agreed that coverage for 'bodily injury' and 'property damage' is not provided nor will the Company have any duty to defend for claims, accusations, or charges brought by or against any 'insured(s)' including employees of the 'insured(s)' for actual or alleged sexual action, sexual abuse, or employment related claims, accusations or charges. It is understood and agreed that coverage for 'bodily injury' and 'property damage' is not provided nor will the Company have any duty to defend for claims, accusations or charges of negligent hiring, investigation, placement, training or supervision arising from actual or alleged sexual action, sexual abuse or employment related claims, accusations or charges."

First Financial does not contest the Superior Court judge's ruling that this exclusion does not encompass rape and kidnapping by a third party initiated on the insured's property.

Doe. The settlement approved by the judge included the follow-ing judgment:

> "Judgment shall enter for the Plaintiff, Jane Doe, on Count I of her Complaint in the amount of Two Million ($2,000,000) Dollars, of which One Million ($1,000,000) Dollars is found to be attributable to damages arising from the physical beating, stabbing and attempted murder of the plaintiff, and One Million ($1,000,000) Dollars is found to be attributable to damages arising from the rape and kidnapping."

Conceding that the portion of the judgment attributed to "physical beating, stabbing and attempted murder" was excluded from coverage, Doe stepped into the shoes of Fuller in the present case to argue that the insurance policy did not exclude coverage for the half of her judgment that was attribut-able to rape and kidnapping.

According to Doe, the rape and kidnapping claims are not included in the exclusion of coverage for injuries arising out of assault or battery.[5] She argues that because rape is a specific and independent crime that differs significantly from assault and battery, we should not read the exclusionary language in the insurance policy so to include rape and kidnapping claims. In support of this argument, she contends that rape commonly is understood as a distinct and independent crime from assault or battery. The plaintiff further cites instances in Massachusetts common law and statutory law where rape is defined as a particularly heinous crime, separate from the more general as-sault and battery. Doe also points to numerous examples of how rape and its consequent harm are treated differently from other crimes by law enforcement and crime experts. In addition, she argues that kidnapping consists of any restraint on a person's liberty and need not involve any particular showing of force.

First Financial responds that under Massachusetts law, every rape necessarily includes an assault or a battery or both. It argues that the exclusionary provision applies to Doe's case because rape and kidnapping are particular types of assault or battery. First Financial contends that this view is supported by

---

[5]We acknowledge the amicus brief of the Victim Rights Law Center.

Massachusetts jurisprudence on the subject of exclusionary provisions in insurance policies.

2. *Standard.* "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). The parties produced a statement of agreed facts and exhibits in the Superior Court, leaving no material facts in dispute. The interpretation of an insurance contract is a question of law. See *Home Ins. Co.* v. *Liberty Mut. Fire Ins. Co.*, 444 Mass. 599, 601-602 (2005); *Chenard* v. *Commerce Ins. Co.*, 440 Mass. 444, 445 (2003).

3. *Analysis.* We are called on to interpret particular language in First Financial's policy, namely, whether Doe's judgment for damages attributable to her rape and kidnapping falls within the policy's exclusion that "this insurance does not apply to 'bodily injury' or 'property damage' arising out of assault or battery."[6] If the language of an insurance policy is not ambiguous, we interpret the words of the policy in their usual and ordinary sense. *Citation Ins. Co.* v. *Gomez*, 426 Mass. 379, 381 (1998), citing *Hakim* v. *Massachusetts Insurers Insolvency Fund*, 424 Mass. 275, 280 (1997). The relevant language in First Financial's policy is unambiguous — that is, it is not susceptible to more than one meaning, such that reasonably intelligent persons might disagree as to which meaning is proper. *Citations Ins. Co.* v. *Gomez, supra*, citing *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 474-475 (1987). Indeed, we previously have interpreted the language most crucial to this dispute in similar circumstances.

In *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454 (1999), the

---

[6]All Doe's damages, including her emotional injuries and her need for psychotherapeutic care, fall under the definition of "bodily injury" for the purposes of an insurance contract. See *United Servs. Auto. Ass'n* v. *Doe*, 58 Mass. App. Ct. 743, 744-745 (2003), and cases cited. The nonphysical harm to Doe constitutes "bodily injury" because it directly resulted from the corporeal harm that she suffered at the hands of her attacker. *Richardson* v. *Liberty Mut. Fire Ins. Co.*, 47 Mass. App. Ct. 698, 702-703 (1999). Thus, the nature of Doe's injuries do not remove her claims from the exclusions of First Financial's insurance policy.

plaintiff sought to reach and apply the insurance policy of a motel after winning a judgment for negligence that proximately caused her to be brutally beaten and raped by a third party on the motel premises. The motel's insurance policy contained an "illegal acts" exclusion that stated, in relevant part: "All coverage is excluded hereunder for any claim which arises wholly or in part out of allegations of violation of any federal, state, or local statute, ordinance, or law."[7,8] *Id.* at 456. The Superior Court judge in the *Bagley* case agreed with the plaintiff that this exclusion did not apply to her claim because she was seeking coverage for negligent conduct of the insured motel, rather than the illegal acts of her attacker. *Id.* at 456. In deciding whether a claim of negligence was included under such an exclusion, we observed that "[t]he phrase 'arising out of' must be read expansively . . . ." *Id.* at 457. Unlike the plaintiff in the *Bagley* case, Doe does not challenge the exclusion's application on the basis of her negligence theory of liability. *Bagley*'s guidance to read the "arising out of" language broadly is instructive nonetheless.

The *Bagley* decision cited favorably to "cases interpreting the phrase 'arising out of' in insurance exclusionary provisions" that "suggest a causation more analogous to 'but for' causation, in which the court examining the exclusion inquires whether there would have been personal injuries, and a basis for the plaintiff's suit, in the absence of the objectionable underly-

[7]The slight difference in language between the phrase "arises wholly or in part out of" in *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454, 456 (1999), and "arising out of" in First Financial's policy is inconsequential. In *Liquor Liab. Joint Underwriting Ass'n of Mass.* v. *Hermitage Ins. Co.*, 419 Mass. 316 (1995), cited in the *Bagley* case, we contrasted the defendant's more narrow exclusionary language with an insurance policy from a Connecticut case that is nearly identical to First Financial's policy exclusion. *Liquor Liab. Joint Underwriting Ass'n of Mass.* v. *Hermitage Ins. Co.*, *supra* at 320-321 n.4, citing *Kelly* v. *Figueiredo*, 223 Conn. 31, 32 (1992). In so doing, the result of *United Nat'l Ins. Co.* v. *Parish*, 48 Mass. App. Ct. 67, 70-71 (1999), which upheld the broad exclusionary effect of the "arising out of" language, was foreshadowed.

[8]The insurance policy at issue in *Bagley* v. *Monticello Ins. Co.*, *supra* at 456, also contained, inter alia, an assault and battery exclusion. Because we ruled that the plaintiff's claims were barred from coverage under the illegal acts exclusion, *id.* at 455, there was no need to interpret the assault and battery exclusion in that case.

ing conduct." *Id.* at 457, citing *United Nat'l Ins. Co.* v. *Parish,* 48 Mass. App. Ct. 67, 70-71 (1999), and *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.,* 40 Mass. App. Ct. 722, 727 (1996). Applying that theory of causation here requires the conclusion that Doe's rape and kidnapping would not have occurred absent the initial assault and battery by Furrowh while still on the premises of 434 Dudley Street.[9]

We need not reach Jane Doe's argument that rape and kidnapping are separable and independent crimes not synonymous with assault or battery in the common understanding of insured persons. Whether that is true or not does not change the application of the broad causal interpretation mandated by the *Bagley* case — Doe's injuries attributable to her rape and kidnapping arose out of the initial assault, i.e., Furrowh's verbal threat to Doe of, "You're coming with me," and the initial battery, i.e., Furrowh's placement of a knife to Doe's back.[10] Indeed, the assault and battery by Furrowh was committed with the obvious

---

[9]We read the phrase "arising out of" broadly, but do so in a different sense than was required in *Bagley* v. *Monticello Ins. Co., supra.* For the purposes of the *Bagley* case, we read the phrase expansively to reject the argument that the plaintiff's claim did not "arise out of" an illegal act because her pleaded claim concerned negligence of the motel. In this case, the breadth of the phrase refers to the chronological unfolding of events during a single criminal episode. Given the general rule that the phrase "arising out of" is to be read broadly, there is no conflict in these differing applications. This is especially true in light of the source of the interpretative rule cited by the *Bagley* case, *Rischitelli* v. *Safety Ins. Co.,* 423 Mass. 703, 704 (1996), which was interpreting the phrase in a similar manner. In that case, the plaintiff was denied insurance coverage for injuries allegedly "arising out of the ownership, maintenance or use of an auto" where he was battered by another driver following an automobile accident. *Id.* at 704. While we interpreted the phrase "arising out of" broadly, we interpreted the battery to be "sufficiently independent of the motor vehicle accident" so as to not be covered. *Id.* at 707. The initial assault and battery on Doe was not similarly detached from the subsequent rape and kidnapping and consequent injuries. Cf. Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1979) (allowing joinder where related offenses "are based on the same criminal conduct or episode or arise out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan").

[10]Assault and battery are common-law crimes with penalties prescribed in G. L. c. 265, § 13A. Assault is defined either as an attempt to use physical force on another, or as a threat of use of physical force. See *Commonwealth* v. *Gorassi,* 432 Mass. 244, 247-248 (2000), and cases cited. Harmful battery consists of "[a]ny touching 'with such violence that bodily harm is likely to result . . . .' " *Commonwealth* v. *Burke,* 390 Mass. 480, 482 (1983). Battery

intent to accomplish the subsequent abduction and rape. "[W]ithout the underlying assault and battery, there would have been no personal injuries" related to the rape and kidnapping. *United Nat'l Ins. Co.* v. *Parish*, 48 Mass. App. Ct. 67, 70 (1999). We therefore read the phrase "arising out of" in First Financial's policy to bring within the boundaries of the exclusion all the terrible consequences of the initial attack on Doe, as pleaded in the underlying criminal action.

4. *Conclusion.* For the reasons stated, the exclusion of the First Financial policy applies to the judgment obtained by Doe in the underlying action for damages attributable to her rape and kidnapping. The judgment of the Superior Court is affirmed.

*So ordered.*

by means of a dangerous weapon, such as a knife, "necessarily entails a risk of bodily harm." *Id.* at 482-483.