Certain Underwriters at Lloyd's, London (Lloyd's) brought this action seeking a declaratory judgment that it has no duty to indemnify its insured, Park Grove Realty Trust (Park Grove),[2] with respect to a personal injury verdict against Park Grove and its independent contractor, Atlantic Construction Services, Inc. (Atlantic). Judgment entered in favor of Lloyd's after cross motions for summary judgment. On appeal, Atlantic makes three arguments. First, Atlantic argues that Lloyd's failed to preserve its right to raise the independent contractors exclusion during the underlying tort action and therefore is estopped from doing so now. Next, Atlantic argues that the independent contractors exclusion is ambiguous and the ambiguity must be construed against Lloyd's. Finally, Atlantic argues that, even if the independent contractors exclusion is unambiguous, the exclusion does not apply to the underlying tort action because Park Grove's negligence, not Atlantic's, is the basis for the action against Park Grove. We affirm.
The essential facts are undisputed.[3] In 2002, Park Grove hired Atlantic, an independent contractor, to (among other things) construct a sidewalk as part of a residential housing project. Atlantic stopped paving part of a sidewalk short of a driveway on the property and built a "cold joint" between the two. In 2006, Claire LaPosta tripped and fell on the cold joint and injured herself. LaPosta sued Atlantic for its negligent construction of the "cold joint" and Park Grove for its failure to warn of the defect created by Atlantic. A jury returned a verdict that assigned, as relevant here, fifty-five percent fault to Atlantic and thirty percent fault to Park Grove, jointly and severally. Lloyd's refused to indemnify Park Grove for its portion of the judgment; as a result, Atlantic (through its insurer) satisfied the full amount. This suit followed in which Lloyd's, relying on the independent contractors exclusion contained in its general liability policy under which Park Grove was insured, sought a declaration that it had no duty to indemnify Park Grove. That provision excludes from coverage " 'bodily injury' or 'property damage' arising out of operations performed for the Named Insured by Independent Contractors or acts or omissions of the Named Insured in connection with his general supervision of such operations."
First, Atlantic argues that Lloyd's failed to preserve its right to raise the independent contractors exclusion during the underlying tort action and therefore is estopped from doing so now. Atlantic raises this issue for the first time on appeal and thus, the argument is waived. International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 851 (1983). The fact that Park Grove made the same point below, does not help Atlantic now. See ibid. (a party cannot adopt a coparty's argument made below for the first time on appeal).
Next, Atlantic argues that the independent contractors exclusion is ambiguous when the phrase "arising out of" is read in the context of other provisions in the policy.[4] "Determining the existence of a contract ambiguity presents a question of law for the court," Bank v. Thermo Elemental Inc., 451 Mass. 638, 648 (2008), which we review de novo, Balles v. Babcock Power, Inc., 476 Mass. 565, 571 (2017). We perceive no ambiguity here. The phrase is "generally understood to mean originating from, growing out of, flowing from, incident to, or having connection with." Cable Mills, LLC v. Coakley Pierpan Dolan & Collins Ins. Agency, Inc., 82 Mass. App. Ct. 415, 424 (2012) (quotation omitted). See Bagley v. Monticello Ins. Co., 430 Mass. 454, 457 (1999) (finding "arising out of" to be unambiguous and to have a meaning "analogous to 'but for' causation"); Fuller v. First Financial Ins. Co., 448 Mass. 1, 5-6 (2006) (same). And that customary understanding leads to a natural and clear meaning of the exclusion, namely that bodily injury or property damage connected to the operations of the insured's (Park Grove) subcontractor (Atlantic) are excluded from coverage.
In the alternative, Atlantic argues that, even if the independent contractors exclusion is unambiguous, the exclusion does not apply to the underlying tort action because Park Grove's liability arises out of Park Grove's failure to warn of the defect in the sidewalk rather than Atlantic's negligence in performing the work.[5] The phrase "arising out of" is to be read expansively and "suggest[s] a causation more analogous to 'but for' causation, in which the court examining the exclusion inquires whether there would have been personal injuries, and a basis for the plaintiff's suit, in the absence of the objectionable underlying conduct." Bagley, supra. We therefore look at "the source from which the plaintiff's personal injury originates," not "the specific theories of liability alleged in the complaint." Id. at 458. The source of LaPosta's injury is indisputably the "cold joint" created by Atlantic. Put otherwise, but for Atlantic's "cold joint," LaPosta would not have been injured. LaPosta's injury therefore arises out of Atlantic's actions and the independent contractors exclusion applies.
Judgment affirmed.

Park Grove is not a party to the appeal.

In our de novo review, we view the evidence in the light most favorable to the party against which judgment was entered. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 393 (2003).

Atlantic also argues two other theories of ambiguity: (1) a reading of the independent contractors exclusion in the context of the whole insurance policy renders the exclusion ambiguous; and (2) errors in the schedule of forms and endorsement render the exclusion ambiguous. However, neither of these was raised below and they are accordingly waived. International Fid. Ins. Co., supra.

Atlantic also argues that if "arising out of" is unambiguous, then the phrase "or acts or omissions of the Named Insured in connection with his general supervision of such operations" should be disregarded as superfluous. Atlantic did not raise this argument below and it is therefore waived. International Fid. Ins. Co., supra.