818                    58 Mass. App. Ct. 818 (2003)

Metropolitan Property and Casualty Insurance Company *v.* Fitchburg Mutual Insurance Company.

## Metropolitan Property and Casualty Insurance Company *vs.* Fitchburg Mutual Insurance Company.[1]

No. 01-P-344.

Middlesex. March 11, 2003. - August 18, 2003.

Present: Porada, Kaplan, & Cypher, JJ.

*Insurance,* Homeowner's insurance, Business exclusion.

In an action for declaratory relief to determine whether the plaintiff insurer was under a duty to defend an individual (under a homeowner's insurance policy issued to her parents) in a tort action brought by a third party against the individual alleging civil battery occurring at their place of employment, the judge properly granted summary judgment in favor of the plaintiff on the ground that the incident in question fell within the "business pursuits" exclusion in the policy, where it could not be said that the incident did not arise out of or was not in connection with the individual's engaging in a business activity. [819-823]

Civil action commenced in the Superior Court Department on June 30, 1999.

The case was heard by *Charles M. Grabau,* J., on a motion for summary judgment.

*Scott D. Peterson* for the defendant.

*John P. Graceffa* (*Richard W. Jensen* with him) for the plaintiff.

Porada, J. The plaintiff brought an action for declaratory relief in the Superior Court to determine whether the plaintiff was under a duty to defend and indemnify Patricia Trimble[2] (under a homeowner's insurance policy issued to Trimble's

---

[1]Fitchburg Mutual Insurance Company was substituted as the appellant for the original appellant, Stephanie Button, under an assignment of rights by Button to it. Throughout the opinion we continue to refer to Button as the appellant.

[2]Patricia Trimble was named as a defendant in the complaint. However, she did not file an appearance or answer in this case.

parents) in a tort action brought by Stephanie Button against Trimble for an alleged civil battery occurring at Trimble's and Button's place of employment. In allowing summary judgment for the plaintiff, a Superior Court judge ruled that the plaintiff was not required to provide a defense or indemnify Trimble because the incident fell within the "business pursuits" exclusion in the policy. On appeal, Button claims that summary judgment was inappropriate because of the existence of material issues of fact and of ambiguities in the "business pursuits" exclusion clause which should have been construed against the insurer. We affirm.

We recite those facts that are not in dispute. At the time of the incident, Button and Trimble were employed by CliniTech Services, Inc., where Button worked as a lab assistant and Trimble as a phlebotomist. On September 27, 1995, Button was working at her desk at CliniTech's facility when Trimble arrived there to deliver lab specimens for processing. After delivering the specimens, Trimble walked past Button, who was engrossed in her work. Trimble poked Button to get her attention and said, "Hello." Startled, Button fell backwards off her chair and suffered a severe back injury. At the time of Button's injury, Trimble was living in her parents' home. Her parents were insured through a homeowners' policy issued by the plaintiff. The pertinent provisions of the policy read as follows:

"SECTION II - LOSSES WE DO NOT COVER

". . .

"2. bodily injury or property damage arising out of or in connection with your business activities. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business."

Under the general definition of the policy, " '[b]usiness' or 'business purposes' means: 1. Any full or part time activity of any kind engaged in for economic gain, and the use of any part of any premises for such purposes."

A liability insurer has a duty to defend its insured in the

underlying action if the complaint in that action is " 'reasonably susceptible' of an interpretation that . . . state[s] . . . a claim covered by the policy terms." *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 318 (1983). There is, on the other hand, no duty to defend a claim that is specifically excluded from coverage. See *Camp Dresser & McKee, Inc.* v. *Home Ins. Co.*, 30 Mass. App. Ct. 318, 322-323 (1991). The insurer has the burden of proving that the exclusionary clause applies. *Great Southwest Fire Ins. Co.* v. *Hercules Bldg. & Wrecking Co.*, 35 Mass. App. Ct. 298, 302 (1993). Here, Button argues that summary judgment was inappropriate because the applicability of the "business pursuits" exclusion presented a disputed material issue of fact, namely whether Button's injuries "arose out of" or were "in connection with" Trimble's business activities. Button's argument rests on the premise that, at the time that Trimble poked Button, Trimble was not committing an act in furtherance of her employer's business. Rather, Button claims that Trimble's act interfered with Button's performance of her work for their employer in violation of a prescribed policy of her employer which prohibited conduct that is personally offensive or threatening, or that interferes with the work effectiveness of employees. In making this argument, Button is seeking to apply those principles which govern the determination of vicarious liability of employers for the intentional torts of their employees. We are dealing here, however, with the determination of insurance coverage, which is dependent upon the language of an insurance contract. Under the policy, business activity is defined as activities "engaged in for economic gain." It also embraces a service "promised [or] owed" because of the nature of the business. It is undisputed that at the time of the incident Trimble had just delivered lab specimens for processing at her employer's place of employment. Whether this activity is viewed as a service promised or owed because of the nature of her employment or an activity engaged in for economic gain, it cannot be said that the incident did not "arise out of" or "in connection with" Trimble's engaging in a business activity.

The terms "arising out of" and "in connection with" are not be to be construed narrowly but are read expansively in insur-

ance contracts. See *Rischitelli* v. *Safety Ins. Co.*, 423 Mass. 703, 704 (1996); *New England Mut. Life Ins. Co.* v. *Liberty Mut. Ins. Co.*, 40 Mass. App. Ct. 722, 726 (1996). "Arising out of" is ordinarily held to mean "originating from, growing out of, flowing from, incident to or having connection with" (internal quotation marks omitted). *Murdock* v. *Dinsmoor*, 892 F.2d. 7, 8 (1st Cir. 1989). "In connection with" is ordinarily held to have even a broader meaning than "arising out of" and is defined as related to, linked to, or associated with. See *Cameron Mut. Ins. Co.* v. *Skidmore*, 633 S.W.2d 752, 753 (Mo. App. 1982); *Nationwide Mut. Fire Ins. Co.* v. *Nunn*, 114 N.C. App. 604, 607-608 (1994).

Given the expansive meaning of "arising out of" and "in connection with," it is clear that the business pursuits exclusion applies because the alleged battery inflicted by Trimble is associated with, related to, and linked to Trimble's performing work for her employer. It is incontrovertible that if Trimble had not been performing a task for her employer she would not have been on her employer's premises at that time and place and the injury to Button would not have occurred. Cf. *Worcester Ins. Co.* v. *Fells Acres Day Sch., Inc.*, 408 Mass. 393, 412 (1990) (claims against two employees of a child care facility alleging injuries to children as the result of the employees' negligent failure to protect and prevent injury from sexual molestation to the children under their care fell within the "business pursuits" exclusion of their respective homeowner's insurance policies); *Commerce Ins. Co.* v. *Finnell*, 41 Mass. App. Ct. 701, 702-703 (1996) ("business pursuits" exclusion under a homeowner's policy barred coverage for a child's injuries that occurred while the insured in her own home was babysitting the child but was preparing her own lunch).

Button contends that the "business pursuits" exclusionary clause is ambiguous standing alone, when read in the context of the entire insurance contract, or as applied to the subject matter, and must be strictly construed against the insurer. "However, an ambiguity is not created simply because a controversy exists between parties, each favoring an interpretation contrary to" the other party's interpretation. *Jefferson Ins. Co. of N.Y.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 (1987). The interpretation of

the exclusionary clause is a "question of law for the trial judge, and then for the reviewing court." *Id.*, quoting from *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982). In our opinion, the words contained in the exclusionary clause are free from doubt standing alone or when the insurance contract is read as a whole or as applied to the subject matter. As such, those words are to be "construed 'in their usual and ordinary sense.' " *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454, 457 & n.2 (1999), quoting from *Liquor Liab. Joint Underwriting Assn. of Mass.* v. *Hermitage Ins. Co.*, 419 Mass. 316, 320 (1995). Business or business purposes is defined in the contract. That definition comports with the usual meaning ascribed to a business activity, namely "an activity engaged in for the purpose of gain or profit." See *Newell-Blais Post #443, Veterans of Foreign Wars of the United States, Inc.* v. *Shelby Mut. Ins. Co.*, 396 Mass. 633, 636 (1986). As noted, when the usual and ordinary meaning is ascribed to the terms "arising out of" and "in connection with" set forth *supra*, in conjunction with business activity, it is clear that Button's injury arose out of or in connection with Trimble's business activity, resulting in a lack of coverage under Trimble's parents' homeowner's insurance policy.

At oral argument, Button also argued that the definition of "business" or "business purposes" in the business pursuits exclusion restricts the exclusion to business activity engaged in by the insured on the insured's premises. However, that construction makes no sense when the contract is read as a whole, for the contract provides optional coverage which, when purchased by an insured for certain business pursuits, specifically excludes therefrom business pursuits for one acting as a member of the faculty or teaching staff of any school or college or providing care anywhere to one or more persons for economic gain. Those exclusions would be redundant or unnecessary if the term "business" under the policy was limited solely to an income earning activity on the insured's premises. We, thus, reject Button's interpretation. See *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240, 245 (1986), quoting from *Sherman* v. *Employers' Liab. Assurance Corp.*, 343 Mass. 354, 357 (1961) ("an interpretation [that] gives a reasonable meaning to all of

the provisions of a contract is to be preferred to one which leaves a part useless or inexplicable"). Instead, the definition of "business" or "business purposes" must be read as twofold. It embraces not only "[a]ny full or part time activity of any kind engaged in for economic gain" but also "the use of any part of any premises for such purposes." Trimble's parents had not purchased the optional coverage.

Further, it is a "long-standing rule of construction that the favored interpretation of an insurance policy is one which 'best effectuates the main manifested design of the parties.' Clearly, the manifest design of homeowners' insurance is to protect homeowners from risks associated with the home and activities related to the home." *Ibid.*, quoting from *King* v. *Prudential Ins. Co.*, 359 Mass. 46, 50 (1971). Here, the battery resulting in Button's injury is in no way associated with the home or related to it. Cf. *Worcester Ins. Co.* v. *Fell Acres Day Sch., Inc.*, 408 Mass. at 412. Accordingly, Trimble could not reasonably have expected protection under her homeowner's policy from a claim arising out of or in connection with her work. Summary judgment for the plaintiff was appropriate.

*Judgment affirmed.*