COMMERCE INSURANCE COMPANY, INC. *vs.* IRVING THEODORE
& another.[1]

No. 05-P-383.

Middlesex. November 14, 2005. - January 30, 2006.

Present: LENK, DREBEN, & GREEN, JJ.

*Contract,* Insurance, Construction of contract. *Insurance,* Homeowner's insurance, Coverage, Construction of policy. *Words,* "Arising out of."

In a civil action resulting from an injury that one defendant sustained while helping the other defendant (the insured) cut down a dying tree located on property that the insured owned but which was not insured under a homeowner's insurance policy issued by the plaintiff insurer, the insurer had no obligation to defend or indemnify the insured, by virtue of a provision of the insured's policy that excluded coverage for personal liability and medical payments to others arising out of a premises owned by the insured that was not an insured location, where in the circumstances of the case, there was a sufficiently close relationship between the injury and the premises to consider the injury to have arisen out of the premises. [472-476]

CIVIL ACTION commenced in the Superior Court Department on June 30, 2003.

The case was heard by *Herman J. Smith, Jr.,* J., on motions for summary judgment.

*John F. Hurley, Jr.,* for the plaintiff.

*Joseph S. Smith* for Timothy DeAmelio.

*Stephen P. Weitz* for Irving Theodore.

DREBEN, J. This case calls for an interpretation of a provision of a homeowner's policy excluding coverage for personal liability and medical payments to others "[a]rising out of a premises: (1) Owned by an 'insured' . . . that is not an 'insured location.' "[2] We conclude that the exclusion is applicable in the instant case.

---

[1] Timothy DeAmelio.

[2] "The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court." *Rug-*

The following facts are not in dispute. Commerce Insurance Company (Commerce) issued the policy to the defendant, Irving Theodore, for his primary residence in Framingham. Theodore was also the owner of real estate in the Dorchester section of Boston, which was not insured under the Commerce policy or indeed under any other policy. During the policy term, Theodore asked the defendant, Timothy DeAmelio, to help him cut down a dying tree on the Dorchester property. At first, while DeAmelio was on an extension ladder using his chain saw to cut the tree, Theodore held the ladder. Later, in order to keep onlookers from the area where the tree might fall, Theodore walked away from the ladder. As DeAmelio attempted to remove the saw from the tree, the ladder began to shift. Although the ladder did not fall, DeAmelio lost his balance, fell to the ground, and was injured. DeAmelio brought an action against Theodore alleging negligence in failing to hold the ladder. Commerce defended against the negligence suit under a reservation of rights, and filed a complaint for a declaratory judgment seeking a judicial determination that it had no obligation to defend or indemnify Theodore. DeAmelio counterclaimed in the declaratory action seeking payment for his accident-related medical expenses under the "medical payments to others" provision of Theodore's policy, which DeAmelio alleged did not fall within the exclusion.

Commerce and DeAmelio filed cross motions for summary judgment.[3] Relying on *Callahan* v. *Quincy Mut. Fire Ins. Co.*, 50 Mass. App. Ct. 260 (2000), a judge of the Superior Court ruled that the exclusion did not apply. He held that the "wobbling or shift in" the ladder, and hence DeAmelio's injuries, did not "arise out of," or did not originate from or grow out of "the condition or movement of the tree." See *Metropolitan Property & Cas. Ins. Co.* v. *Fitchburg Mut. Ins. Co.*, 58 Mass. App. Ct. 818, 821 (2003).

Although the judge recognized that the term "arising out of" is to be construed "expansively" and "indicates a wider range

---

*gerio Ambulance Serv., Inc.* v. *National Grange Mut. Ins. Co.*, 430 Mass. 794, 797 (2000), quoting from *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982).

[3]Theodore did not file such a motion.

of causation than the concept of proximate causation in tort law," we consider his interpretation of the clause too narrow, particularly in light of the recent case of *Monticello Ins. Co.* v. *Dion*, 65 Mass. App. Ct. 46 (2005), a case decided subsequent to his allowance of DeAmelio's motion.

In *Dion*, the insured, preparatory to felling a large tree, was making a chain saw cut in the tree when the tree fell the wrong way. It struck and killed the defendant's decedent, who had been operating a wood-chipping machine on the same job. The relevant provision for purposes of our case excluded

> "bodily injury . . . arising out of the operations performed for the named insured by independent contractors . . . ."

We agreed with the judge that the "death 'ar[ose] out of the operations performed for' Dion [the insured] because [the defendant's decedent] would not have been in a position to be struck by the tree if she had not been operating the chipping machine, an operation that was an integral part of the tree removal work Dion was performing." *Id.* at 48. We held that

> "it was irrelevant that the death could be said to have been proximately caused by Dion's negligence, rather than by anything [the defendant's decedent] was doing. The phrase 'arising out of the operations performed for the named insured by [the] independent contractor[]' imports a broader conception of causal connection, one fully met by the fact that she would not have been struck except for the fact that she was engaged in doing a critical piece of the work involved in the tree removal at the location on the job where she was expected to be and for which she was to be paid. See *Bagley* v. *Monticello Ins. Co.*, 430 Mass. 454, 457 (1999)."[4]

*Id.* at 48-49. See *United Natl. Ins. Co.* v. *Parish*, 48 Mass. App. Ct. 67, 70 (1999).

Similarly, in *Metropolitan Property & Cas. Ins. Co.* v. *Fitch-*

---

[4]Although the injury arose out of the "operations performed," the exclusion was nevertheless applicable because the defendant's decedent was either an independent contractor and hence barred by the provision set forth in the text, or an "employee" excluded by another provision of the policy.

*burg Mut. Ins. Co.*, 58 Mass. App. Ct. at 820-821, we construed the following exclusion in a similarly broad manner:

> "Losses we do not cover
>
> " . . .
>
> "2. bodily injury or property damage arising out of or in connection with your business activities . . . ."[5]

In that case, the insured was sued by a fellow employee for an alleged civil battery occurring at their mutual place of employment. After the insured delivered certain lab specimens for processing, she walked by a fellow employee who was sitting at her desk engrossed in her work. The insured poked her fellow employee to get her attention. Startled, the employee fell backwards off her chair and suffered a severe back injury. The injured employee argued that at the time the insured poked her, the insured was not committing an act in furtherance of her employer's business but, rather, was interfering with the injured employee's work. We disagreed, noting that " '[a]rising out of' is ordinarily held to mean 'originating from, growing out of, flowing from, incident to or having connection with' " and that "in connection with" has even a broader meaning. *Id.* at 821. We concluded:

> "Given the expansive meaning of 'arising out of' and 'in connection with,' it is clear that the business pursuits exclusion applies because the alleged battery inflicted by [the insured] is associated with, related to, and linked to [the insured's] performing work for her employer.[6] It is incontrovertible that if [the insured] had not been performing a task for her employer she would not have been on her employer's premises at that time and place and the injury to [the other employee] would not have occurred."

*Ibid.*

---

[5] The definition of "business" or "business purposes" under the policy was "1. Any full or part time activity of any kind engaged in for economic gain, and the use of any part of any premises for such purposes." *Metropolitan Property & Cas. Ins. Co.* v. *Fitchburg Mut. Ins. Co., supra* at 819.

[6] Although the policy contained the broader term "in connection with," our decision also rested on the term "arising out of" language.

Our analysis also referred to the "long-standing rule of construction that the favored interpretation of an insurance policy is one which best effectuates the main manifested design of the parties. Clearly, the manifest design of homeowners' insurance is to protect homeowners from risks associated with the home and activities related to the home." *Id.* at 823 (citations omitted).

*Callahan* v. *Quincy Mut. Fire Ins. Co.*, 50 Mass. App. Ct. 260, on which the defendants rely, does not preclude application of the exclusion. In that case, which involved the same exclusion as the one at bar, we held that an injury occurring on the insured's uninsured property, caused by a bite of a dog owned by the insured, did not fall within the exclusion. We noted that "[f]or an injury to 'arise out of,' it is enough if it is reasonably apparent that there is a causal connection between the injury and the use to which the premises . . . are put." *Id.* at 262. That an accident happens on the uninsured premises does not by itself trigger the exclusion. The dog bite did not stem from any condition of the uninsured premises and in our view did not arise from the premises.

Our interpretation was also buttressed by the risks intended to be covered by the policy. Personal liability coverage — from harboring a vicious animal — was not limited by territory and hence the ownership of other property did not greatly expand the risk undertaken by the insurer. "On the other hand, the many personal risks incident to ownership of property — the loose board, the falling roof slate, the defect in the walkway, the failure of outdoor lighting [and we add the dying tree] — are distinctly greater when an insured owns additional real estate that the insurer has not inspected and assessed from the point of view of risk." *Id.* at 263. See 2 Windt, Insurance Claims & Disputes § 11:19A (4th ed. Supp. 2005) (exclusion for injury arising out of uninsured owned premises would not apply to liability arising from injuries inflicted by animals as there must be causal connection between the premises and the injury).[7]

Turning to the present case, it is incontrovertible that the

---

[7]The New York Court of Appeals has recently held that physical condition of the premises may be too narrow a reading of the exclusion. See *Maroney* v. *New York Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472-474 (2005) ("arising

insured asked DeAmelio to help him because of the dying tree on the Dorchester property. While performing the work on the tree, DeAmelio fell. In view of the broad meaning given to the term "arising out of" in our cases and its "incorporating a greater range of causation than that encompassed by proximate cause," *Bagley* v. *Monticello Ins. Co.*, 430 Mass. at 457; *Metropolitan Property & Cas. Ins. Co.* v. *Fitchburg Mut. Ins. Co.*, 58 Mass. App. Ct. at 820-821; *Monticello Ins. Co.* v. *Dion*, 65 Mass. App. Ct. at 48-49, we consider that where, as here, a third person is on the property to repair a condition of the property — the dying tree — and in the course of such repair an injury results, such injury is one "arising out of a premises." There is a "sufficiently close relationship between the injury" and the premises. Compare *Ruggerio Ambulance Serv., Inc.* v. *National Grange Mut. Ins. Co.*, 430 Mass. 794, 798 (2000). The condition of the premises need not actually cause the injury. To hold otherwise would tend to make the exclusion indistinguishable from the requirement of proximate cause, a requirement rejected by our cases. We hold that the exclusion under the policy applies both to "Coverage E — Personal Liability" and "Coverage F — Medical Payments to Others" and precludes coverage for DeAmelio's injuries.

Accordingly, the judgment is vacated, and the matter is remanded to the Superior Court for the entry of a judgment declaring the rights of the parties consistent with this opinion.

*So ordered.*

---

out of" an uninsured premises exclusion includes use of the premises and is not limited to physical condition where premises used as a stable).