Garsh, E. Susan, J.
The defendant, TD Banknorth N.A. (“Banknorth”), moves for assessment of attorneys fees incurred in litigation stemming from arbitration regarding the lease of commercial real property. The plaintiff, AIF Realty, Inc. (“AIF”), first filed a complaint seeking declaratory and injunctive relief regarding the arbitration proceeding in Suffolk Superior Court (the “Suffolk Action"), and it later filed a motion to vacate the arbitration award in this court. Banknorth argues that provisions of the lease entitle it to an award of attorneys fees associated with those actions.
For the reasons stated below, the defendant’s motion for assessment of attorneys fees is DENIED.
BACKGROUND
In 1996, the parties entered into a ten-year agreement (“Lease") for the lease of real property in Need-ham, Massachusetts. The Lease provided for automatic renewal for successive ten-year terms unless expressly terminated. Article II of the Lease prescribes how the rent would be determined for those successive terms. In the event that the parties were unable to agree on the Market Value Rent, Section 2.1.2(b) provides for arbitration through the American Arbitration Association.
The Lease was renewed on November 1, 2006. Because the parties could not agree on the Market Value Rent, the matter was submitted for arbitration in accordance with the procedures outlined in Section 2.1.2(b). AIF took issue with various aspects of the proceeding and eventually filed suit in the Suffolk Action on December 14, 2007 to enjoin the proceeding and terminate the arbitration. Following a hearing, the motion to enjoin was denied on December 18, 2007.
The arbitration proceeded, and on January 16, 2008, the arbitrator entered a finding favoring Banknorth. On February 13, 2008, AIF voluntarily withdrew its complaint in the Suffolk Action. Then, because AIF maintained that the arbitrator exceeded her authority and that the decision was otherwise inconsistent with G.L.c. 251, it filed a motion in this court to vacate the award on February 14, 2008. That motion was denied on June 30, 2008. Banknorth now seeks to recoup its attorneys fees associated with both the Suffolk Action and the motion to vacate.
DISCUSSION
Generally in Massachusetts, a litigant is not entitled to shift its counsel fees and expenses to the losing party, but parties may contract for the recovery of attorneys fees and expenses. See Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992). As permitted, the Lease contains enforceable provisions addressing the payment of legal fees and expenses. Article XXIX, titled “Attorneys Fees,” establishes the following general rule for allocating attorneys fees:
If either party brings any action or proceeding to enforce, protect, or establish any right or remedy, the prevailing party shall be entitled to recover reasonable attorneys fees.
The following provision in Article XXVIII, titled “Arbitration,” governs attorneys fees in the context of arbi-trations “ [ejxcept for Market Rental Value which shall be governed by Article IF:
Any fees charged by any arbitrator or other reasonable expenses of arbitration shall be shared equally by the parties unless the arbitrator.. . decides that one party has acted in bad faith or has been grossly unreasonable, in which case, such party shall pay all of the arbitrators’ fee and other reasonable expenses including reasonable attorneys fees of the other party.
(Emphasis added.)
Section 2.1.2(b) of Article II of the Lease requires arbitration if the parties cannot agree on the Market Value Rent. It contains its own attorneys fees provision, in which Banknorth and AIF agreed that “(e]ach party shall pay its own counsel fees and expenses, if any, in connection with any arbitration under this Section (b).. .” There is no dispute that the arbitration at issue was a Market Value Rent arbitration held pursuant to Section 2.1.2(b).
Article XXIX, upon which Banknorth relies, must be considered in the context of the entire Lease rather than in isolation. General Convention of the New Jerusalem in the U.S.A., Inc. v. MacKenzie, 449 Mass. 832, 835 (2007). If AIF’s actions were “in connection with” a Market Value Rent arbitration, then Banknorth is not entitled to attorneys fees because the specificity of Section 2.1.2(b) trumps the more general provisions in the Lease. See, e.g., Kobico, Inc. v. Pipe, 44 Mass.App.Ct. 103, 108 (1997) (citing with support §203(c) of the Restatement (Second) of Contracts (1981), which states that “specific terms and exact terms are given greater weight than general language”); Lembo v. Waters, 1 Mass.App.Ct. 227, 233 (1973). When Article XXIX is read in the context of the entire Lease, it is evident that the parties intended there to be no fee shifting if the fee was incurred in connection with an arbitration under Section 2.1.2(b).
“Interpretation of an unambiguous contract invokes questions of law to be decided by the judge.” Quinn v. Mar-Lees Seafood, LLC, 69 Mass.App.Ct. 688, 695 (2007). The various provisions of the Lease addressing attorneys fees clearly delineate the circumstances over which they govern. Barring any justification for doing otherwise, the ordinary meaning of contractual language controls. General Convention of the New Jerusalem, 449 Mass. at 835 (‘“When the words of a contract are clear, they must be construed in their usual and ordinary sense”).
In the context of insurance contracts, Massachusetts courts have considered the meaning of the *269 phrase “in connection with” used by the parties in Section 2.1.2(b). There is a continuum in which the phrase “caused by” is deemed to be narrower in scope than “arising out of.” New England Mutual Life Insurance Co. v. Liberty Mututal Insurance Co., 40 Mass.App.Ct. 722, 726 (1996) (holding that the plain and usual meaning ascribed to the phrase “arising out of’ is much broader than that ascribed to “caused by”). The phrase “arising out of,” in turn, is deemed to be narrower in scope than “in connection with.” Metropolitan Property & Casualty Insurance Co. v. Fitchburg Mututal Insurance Co., 58 Mass.App.Ct. 818, 821 (2003) (“ ‘In connection with’ is ordinarily held to have even a broader meaning than ‘arising out of ”). In that case, the Court defined “in connection with” as “related to, linked to, or associated with” and defined “arising out of’ as “originating from, growing out of, flowing from, incident to or having connection with.” Id.
The Lease does not define the phrase “in connection with,” and Section 2.1.2(b) neither qualifies it in any way nor suggests that any specialized, narrow or unusual meaning is to accorded to those words. The attorneys fee provision in Section 2.1.2(b) is both unambiguous and expansive. It is not limited to fees charged by the arbitrator or to attorneys fees incurred to prosecute or defend against the arbitration itself. The plain, ordinary language of Section 2.1.2(b) makes each party responsible for its own counsel fees and expenses for both the Market Value Rent arbitration itself and for any action that is directly related to, linked to, or associated with an arbitration over the determination of Market Value Rent.
AIF’s complaint in the Suffolk Action for injunctive and declaratory relief regarding the Market Value Rent arbitration solely concerned and was directly related to, linked to, or associated with that arbitration. The counsel fees and expenses incurred by Banknorth in defending against that action were in connection with an arbitration under Section 2.1.2(b) of the Lease. Similarly, AIF’s motion to vacate the arbitration decision was in response to and therefore clearly related to, linked to, or associated with that arbitration. The counsel fees and expenses incurred by Banknorth in defending against that motion were in connection with an arbitration under Section 2.1.2(b) of the Lease.
In sum, because the counsel fees and costs that Banknorth seeks to recover here were incurred “in connection with” the Market Value Rent arbitration, it is not entitled to the relief it requests. Section 2.1.2(b) of the Lease controls and, pursuant to that section, each party must pay its own counsel fees and expenses. [1]
ORDER
It is hereby ORDERED that the defendant’s motion for assessment of attorneys fees be and hereby is DENIED.

This court need not address whether Banknorth was a prevailing party in the Suffolk Action or whether the fees its seeks are reasonable in light of the court’s holding that the Lease does not entitle it to fees even if those fees are reasonable and even if it were the prevailing party in both actions.